**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0000361**
**06-SEP-2016**
**08:39 AM**

NO. CAAP-14-0000361

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THEODORICO ERUM, JR., Plaintiff-Appellant, v.
COUNTY OF KAUA'I, Defendant-Appellee,
and GLENN P. BELISLE, Defendant-Appellee

APPEAL FROM THE CIRCUIT OF THE FIFTH CIRCUIT CIRCUIT
(CIVIL NO. 13-1-0216)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Plaintiff-Appellant Theodorico Erum, Jr. (Erum) appeals from the Circuit Court of the Fifth Circuit's (Circuit Court)[1] December 18, 2013 Final Judgment in favor of Defendant-Appellee County of Kaua'i (Kaua'i County).

Erum argues on appeal that (1) summary judgment was improperly granted because there were genuine issues of material fact, i.e., Kaua'i County (a) failed to post a notice on his 4976 La Road property, (b) failed to post a notice "in conspicuous places for the entire statutory period of 45 days," and that "the required information concerning the sale of [Erum's properties] was not visible in the notices posted;" and (2) entry of the Final Judgment was error because (a) Kaua'i County engaged in *ex parte* communication depriving Erum of the opportunity to be heard on the entry of that judgment, and (b) entry of the judgment was

---

[1] The Honorable Randal G.B. Valenciano presided.

unjust since there were still claims pending against Defendant Glenn P. Belisle (Belisle).[2]

After a careful review of the points raised and arguments made by the parties, the record, and the applicable authority, we resolve Erum's appeal as follows and affirm.

1.    The Circuit Court did not err in granting summary judgment in Kaua'i County's favor.

(a)    The posting of the notice of the foreclosure sale at Erum's property substantially complied with Kaua'i County Code (KCC) § 5A-5.2.  Erum failed to establish a genuine issue of material fact regarding whether the subject notice was posted "on" his property and cites no authority in support of his argument that the ordinance must be construed in such a literal fashion.  Klinger v. Kepano, 64 Haw. 4, 10, 635 P.2d 938, 942 (1981) (the adequacy of notice is judged by whether the notice was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (quoting Mullane v. Central Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)).  Finally, Erum admits in his Declaration that he was aware of a notice posted on La Road, which adjoins his properties and as depicted in a photo submitted with Kaua'i County's motion for summary judgment, and thus has failed to show how he was harmed by the placement.

(b)    We find Erum's argument, that the forty-five day posting at the three public places requirement was not met because these buildings are closed on weekends and, "therefore, were not conspicuous places for the entire statutory 45 days period," to be without merit.  KCC § 5A-5.2[3] does not state that

---

[2]    It appears that Belisle is the purchaser of Erum's properties at the foreclosure sale.

[3]    KCC § 5A-5.2 (1981) provides,

[a]ll real property on which a lien for taxes exists may be sold by way of foreclosure without suit by the Director, and in case any lien, or any part thereof, has existed thereon for three (3) years, shall be sold by the Director at public auction to the highest bidder, for cash, to satisfy the lien, together with all interest, penalties, costs, and expenses due or incurred on account of the tax,

(continued...)

2

the public places must remain open on weekends, and Erum provides no authority for his construction. Moreover, there is authority to the contrary. See, Stewart v. Stewart, 357 S.W.2d 492 (Tex. App. 1962) (that last day of statutory notice period fell on a holiday did not make notice deficient); Graham v. Fitts, 53 Miss. 307, 314 (1876) (that notice posted on inside of post office door that was closed on Sunday did not invalidate notice); see also Chambers v. Lee, 566 S.W.2d 69, 73 (Tex. App. 1978) ("If the notices are actually posted the required number of days prior to the sale, it is not essential that they remain intact and visible during every one of the intervening days." (citing 59 C.J.S., Mortgages, § 566 at 950)).

(c)     Erum's argument that the notices posted on his properties were insufficient because "the required information concerning the sale of these two properties was not visible in the notice, and thus failed to warn (Erum)" is without merit. The evidence presented by Kaua'i County establishes, and Erum does not contest, that Kaua'i County's notice as a whole contained the necessary information, and Erum fails to provide authority for his arguments or point to evidence in the record to support his allegations. In any event, he does not maintain that he was unable to view, or was unaware of, all the pertinent information contained in the notice.

---

[3](...continued)
lien, and sale, the surplus, if any, to be rendered to the person thereto entitled. The sale shall be held at any public place proper for sales on execution, after notice published at least once a week for at least four (4) successive weeks immediately prior thereto in any newspaper with a general circulation published in the County. If the address of the owner is known or can be ascertained by due diligence, including an abstract of title or title search, the Director shall send to each owner notice of the proposed sale by registered mail, with request for return receipt. If the address of the owner is unknown, the Director shall send a notice to the owner at his or her last known address as shown on the records of the Department of Finance. The notice shall be deposited in the mail at least forty-five (45) days prior to the date set for the sale. The notice shall also be posted for a like period in at least three (3) conspicuous public places within the County, and if the land is improved one (1) of the three (3) postings shall be on the land.

2.     The Circuit Court's entry of final judgment in favor of Kaua'i County was proper pursuant to the Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b).

(a)     No later than November 20, 2013, when Erum filed his Plaintiff's Objection to Proposed Judgment (Objection), to which he attached as an exhibit Kaua'i County's proposed final judgment, Erum had been served with a copy of the proposed judgment.  Based on Erum's Objection, on November 25, 2013, Kaua'i County proffered to the Circuit Court, an alternative proposed judgment, which was also sent to Erum.  Three weeks later, the Circuit Court adopted and entered the latter proposed judgment as the December 18, 2013 Final Judgment.  Erum did not file any objections to the latter proposed judgment in the interim.  On this record, we cannot conclude Kaua'i County engaged in *ex parte* communications.

(b)     The Circuit Court's entry of the Final Judgment pursuant to HRCP Rule 54(b) was not in error.  Erum's complaint did not contain a claim against Belisle.  The Final Judgment did not mention, let alone enter judgment in favor of, Belisle.  The Circuit Court had completely decided all of Erum's claims against Kaua'i County when it granted summary judgment in Kaua'i County's favor.  Given this record, we cannot conclude the Circuit Court's determination that there was no just reason for delay in entering the Final Judgment under HRCP Rule 54(b) was error.

Therefore, the December 18, 2013 Final Judgment entered by the Circuit Court of the Fifth Circuit is affirmed.

DATED:  Honolulu, Hawai'i, September 6, 2016.

On the briefs:

Theodorico Erum, Jr.,
Plaintiff-Appellant, *pro se.*

Alfred B. Castillo, Jr. and
Mona W. Clark,
Office of the County Attorney,
County of Kaua'i,
for Defendant-Appellee

Glenn P. Belisle,
Defendant-Appellee, *pro se.*

Chief Judge

Associate Judge

Associate Judge

4